Filed 7/28/16  P. v. Moncada CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B267716 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA180126) |
| v. | |
| CARLOS MONCADA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, C.H. Rehm.  Affirmed.

Morgan H. Daly, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On June 16, 1999, defendant and appellant Carlos Moncada entered a plea of no contest to sale or transportation of cocaine, in violation of Health and Safety Code section 11352, subdivision (a). Defendant also admitted that the offense involved more than 28.5 grams of pure cocaine or more than 57 grams of a substance containing cocaine, within the meaning of Health and Safety Code section 1203.073, subdivision (b)(1). Defendant was placed on formal probation for a period of three years, on various terms and conditions, including service of one year in the county jail and the obligation to report to the probation officer within one week of release from custody.

Defendant violated probation several times by failing to report to the probation officer as directed. He was deported on more than one occasion and returned to the United States but never reported to the probation officer. Probation was summarily revoked in 2000, and at a 2002 violation hearing, defendant admitted the violation, probation was formally revoked and reinstated, with defendant waiving 180 days of custody credits and an order that he serve an additional 180 days in county jail. Probation was again summarily revoked in 2003. Defendant was found in violation of probation at a 2014 probation violation hearing. He was sentenced to three years in county jail. Execution of sentence was suspended, and again defendant was placed on probation. Later in 2014 probation was summarily revoked. In 2015, defendant appeared in court, and probation was revoked and terminated after a formal violation hearing. The three year county jail sentence was executed.

Defendant filed a timely notice of appeal from the order terminating probation and lifting the stay of execution on the sentence. Counsel was appointed to represent defendant on appeal. On June 13, 2016, appointed counsel filed a brief raising no issues, but requesting this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Defendant was advised by letter of his right to file a supplemental brief within 30 days. Defendant has not responded with a supplemental brief, and the time for filing has passed.

We have completed our independent review of the record, and conclude that appointed counsel's obligations under *Wende* have been satisfied. Substantial evidence supports the trial court's finding that defendant violated probation by failing to report to the probation officer as directed. Defendant was represented by competent counsel at the violation hearing. The term of the sentence was authorized by law.

The order terminating probation and the judgment are affirmed. (*Smith v. Robbins* (2000) 528 U.S. 259.)

KRIEGLER, Acting P.J.

We concur:

BAKER, J.

RAPHAEL, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.